JOHN SHEAR, RESPONDENT, v. DAVID VAN DYKE,
APPELLANT.

*Evidence — statement by witness, of what was said to him by another witness before the trial — admissibility of.*

Upon the trial of an action, in which the question in issue was the number of loads of hay delivered at a particular time, a witness stated that he could not then remember the number, but that he knew it at the time and then told it to the plaintiff. Subsequently plaintiff was called as a witness and was allowed, against defendant's objection and exception, to state that the number was fourteen  *Held*, that the evidence was admissible. (LEARNED, P. J., dissenting.)

APPEAL from a judgment of the County Court of Albany county, in favor of the plaintiff, entered upon the verdict of a jury.

The action was originally brought in a Justice's Court, to recover damages for the breach of a contract in reference to gathering hay.

The plaintiff claimed he had made an agreement with defendant to help to gather all his hay, of which plaintiff was to have one-fourth for his services, and that defendant refused to allow him to help gather a portion.

Defendant claimed plaintiff was only to cut certain lots, which he did cut, except a part of one lot which defendant claims plaintiff refused to cut.

*J. H. Clute*, for the appellant.

*Hungerford & Hotaling*, for the respondent.

BOCKES, J.:

This action orignated in a Justices' Court, and was retried on appeal in the County Court. An appeal was then taken to this court from the judgment rendered in the County Court.

It does not appear, from the record before us, that a motion was made in the latter court for a new trial. It was held in *Murray* v. *Vanderveer* (13 S. C. N. Y. [6 Hun], 302) that without such motion in the County Court, exceptions entered on the trial could not be considered in this court on appeal. And in *Tallman* v. *The*

*American Express Company* (13 S. C. N. Y. [6 Hun], 377) it was decided that no appeal would lie to the General Term in such case; that is, until the case and exceptions had been before the County Court on a motion for a new trial. In the former case the judgment was affirmed. In the latter the appeal was dismissed. If it be true, then, as the record before us indicates, that no motion was made for a new trial in the County Court, the judgment should be affirmed, without an examination of the case and exceptions made and settled.

But it is stated by counsel that such motion was, in fact, made and denied, and we will therefore examine the case under that suggestion.

It is not denied that a case was made for the jury on the evidence submitted by the parties. On this branch of the case no question is made. The verdict must consequently conclude the parties, if the case is to stand on the proof.

It is insisted, however, that errors were committed in the admission of evidence on the trial. First, it is urged that the court erred in allowing the witness to state what the defendant said as to the value of the hay, the subject in controversy between the parties. The witness stated that the defendant told him that he (defendant) considered every load of hay worth twenty-five dollars a ton. I think this was admissible. It was the statement or admission of the defendant called for by the plaintiff, and it bore on the subject under examination. It was, therefore, admissible evidence.

It is next urged that the court erred in allowing the question, whether the defendant gave any reason why he would not allow the plaintiff to go on and finish the contract, for an alleged breach of which the action was brought. The plaintiff had the right, if he chose to exercise it, to call for the defendant's statement or admission in this regard. The objection to this question was properly overruled. But the exception to the question has no importance, as no answer was given to it by the witness.

One other ground of error is here urged. A witness, who aided in taking in the hay, was asked how many loads were taken in on an occasion specified. He answered that he could not now remember, but that he knew at the time, and then told the plaintiff. The plaintiff was then called, and was allowed, against objection, to state

that the number of loads given him by the witness was fourteen. I am inclined to the opinion, contrary to my first impression, that this evidence was admissible. The witness noted the number of loads taken in at the time, and, as he stated, gave the number truly to the plaintiff. Now, the latter might state the number so sworn to have been given him. The evidence sought from him was original evidence. The question was as to the declarations made to him; not as to its truth or falsity. In this view it was not hearsay evidence. Had the witness given the plaintiff a memorandum of the loads at the time, and had he sworn that the memorandum so furnished was correct, the plaintiff then might have produced and verified the memorandum by his own oath. It has been repeatedly held that when a witness testifies that he made a memorandum correctly at the time the event occurred, but was unable to recollect the fact contained in it when examined in regard to the transaction, the memorandum may then be received in evidence of the fact therein stated. So in *Payne* v. *Hodge* (14 S. C. N. Y. [7 Hun], 612), the plaintiff testified that he made entries in accordance with statements made to him by other witnesses, and the latter testified that such statements were true; the evidence was held to be admissible. Now, in the case in hand, the fact sought to be proved comes verified by the oath of witnesses in a way that renders it definite and certain. Nor does it rest at all on any statement unsupported by a sworn witness. I am of the opinion that the evidence was properly admitted.

We think the allegations of error are not sustained, and hence the judgment should be affirmed with costs.

BOARDMAN, J. concurred.

LEARNED, P. J.:

The fact to be proved was the number of loads of hay. I do not think it was competent for one witness to testify that another witness told him what the number was, as affirmative proof of that fact. To state the familiar rules, "oral evidence must, in all cases whatever, be direct; that is to say, if it refers to a fact which could be seen, it must be the evidence of a witness who says he saw it."

A witness may refresh his memory by reference to certain kinds of documents, and he may testify to facts mentioned in such documents, "although he has no specific recollection of the facts themselves, if he is sure that the facts were correctly recorded in the document."

I do not think that the statement of Cross to the plaintiff (to which the latter testified) was in any sense a memorandum or document. The propriety of admitting such evidence, when the witness has no specific recollection of the facts, depends greatly on the circumstances that the evidence thus given was *committed to writing*. To extend the rule, and when the witness has forgotten a supposed fact to allow proof of what he once said in regard to it, appears to me dangerous and contrary to settled principles. But the evidence, probably, did no real harm, and therefore, under section 1003 of the Code of Remedial Justice, I concur in affirmance.

Judgment affirmed, with costs.